992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ibrahim M. SABBAGH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-3733.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1993.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner, Ibrahim Sabbagh, appeals the decision of the Board of Immigration and Appeals (the Board) denying his motion to reopen deportation proceedings. For the following reasons, we AFFIRM.
 
 I.
 
 2
 A native of Lebanon, petitioner entered the United States in 1982 as a nonimmigrant student authorized to remain for a limited duration. In July 1984, petitioner submitted an application for change of status, in which he claimed that he was residing with his U.S. born spouse, Tricia Jessop (Jessop), at 6001 Middlesex in Dearborn, Michigan.
 
 
 3
 In November of 1984, respondent, Immigration and Naturalization Services (INS), ordered petitioner to show cause why he should not be deported for failing to comply with the nonimmigrant status under which he was admitted and for providing false information to INS in his application for change of status. INS charged that contrary to the assertions in his application, petitioner was not residing with his spouse. Petitioner denied the substantive allegations in the show cause order and moved for asylum under 8 U.S.C. § 1158(a) and for withholding of deportation under 8 U.S.C. § 1253(h).
 
 
 4
 At the deportation hearing, the Immigration Judge concluded that petitioner was deportable because he willfully failed to provide full and truthful information on his application for adjustment of status filed with INS and, therefore, failed to comply with the conditions of his nonimmigrant status, in violation of 8 U.S.C. § 1251(a)(9). This conclusion was based largely on Jessop's testimony that she entered into a "sham" marriage with petitioner and received $700 in return; she further stated that she never lived with petitioner and never consummated the marriage. Accordingly, the Immigration Judge ordered petitioner deported, denied the motion for asylum, and denied the motion to withhold deportation. Petitioner appealed the decision to the Board and filed a motion to reopen deportation proceedings so that he could apply for adjustment of status based on three factors: his second marriage to a U.S. citizen; the subsequent approval of an I-130 visa petition; and the subsequent birth of a child by his second wife. The Board ordered (1) that the decision of the Immigration Judge denying asylum and withholding of deportation be affirmed, and (2) that petitioner's motion to reopen deportation proceedings be denied as a matter of discretion based on petitioner's deliberate deception of the INS regarding his initial application for adjustment of status (in which he purported to be living with Jessop) and based on a finding that petitioner provided false testimony under oath at the deportation hearing and, therefore, lacked good moral character. This appeal followed.
 
 
 5
 On appeal, petitioner does not challenge the Board's decision regarding his motions for asylum and withholding of deportation. Thus, the only issue before us is the Board's denial of the motion to reopen.
 
 II.
 
 6
 At a minimum, there are three independent grounds upon which the Board may deny a motion to reopen deportation proceedings: (1) the Board may hold that the movant has failed to establish a prima facie case for the underlying substantive relief; (2) the Board may conclude that the movant has failed to introduce previously unavailable and material evidence; and (3) if the underlying substantive relief is discretionary (adjustment of status, for example), the Board may decline to consider the two above-mentioned threshold requirements and, instead, determine that the movant would not be entitled to the requested discretionary grant of relief. INS v. Abudu, 485 U.S. 94, 104-105 (1988); see also INS v. Rios-Pineda, 471 U.S. 444, 449 (1985) ("[I]f the Attorney General decides that relief should be denied as a matter of discretion, he need not consider whether the threshold statutory eligibility requirements are met.").
 
 
 7
 In this case, the Board denied petitioner's motion to reopen based on its finding that petitioner would not be entitled to the requested discretionary grant of relief. That decision is reviewed on appeal under an abuse of discretion standard. Abudu, 485 U.S. at 105. In reviewing agency decisions, an abuse of discretion will be found only when there is no evidence to support the agency's decision and/or the agency's decision is based on a misunderstanding of the law. Balani v. INS, 669 F.2d 1157, 1160-61 (6th Cir.1982) (per curiam).
 
 A.
 
 8
 Petitioner argues that the Board denied him due process by concluding that he was guilty of marriage fraud when no such charge was ever brought against him.
 
 
 9
 At the outset, we note that there was no charge and no official finding that petitioner committed "marriage fraud." The Board's finding that pettioner entered into a "sham" marriage was logically related to the larger and ultimate issue before the Board: whether petitioner had truthfully represented his living arrangement in his request for change of status. The Board's reference to a "sham" marriage therefore represented merely an intermediate factual finding, which led it to the ultimate conclusion that petitioner lied. Because petitioner made representations regarding his living arrangements, he exposed himself to inquiries into the condition and circumstances surrounding his alleged marriage. He cannot now complain that his due process rights were violated. We find no error on this point.
 
 B.
 
 10
 Petitioner also argues that the Board abused its discretion "because it based its opinion on the erroneous belief that the Immigration Judge ... found petitioner guilty of marriage fraud."
 
 
 11
 The Immigration Judge stated that petitioner's rebuttal of INS's case tested the "credulity" of the court and constituted a "canard." As noted above, he concluded that there was no marriage and hence no possibility that petitioner lived with his spouse, Jessop, as represented on his application for adjustment of status. His conclusion was an indispensable link in the chain of facts supporting the finding of deportability and was based on an abundance of proof. Accordingly, the Board's reliance on this finding was not an abuse of discretion.
 
 C.
 
 12
 Petitioner next argues that the Board's decision to deny his motion to reopen amounted to an impermissible collateral attack on his approved I-130 immigrant visa petition which he secured with the help of his second wife, Tammy Hanna, a U.S. citizen. Petitioner contends that the Board abused its discretion by mounting such an attack.
 
 
 13
 The Immigration and Naturalization Act (INA) prohibits the approval of a visa petition filed on behalf of an alien who has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws. 8 U.S.C. § 1154(c). Petitioner argues that the approval of his visa application necessarily implies that he has never entered into a sham marriage for the purpose of evading immigration laws. Petitioner claims that INS cannot undermine that implied fact by denying his motion to reopen.
 
 
 14
 Petitioner's argument finds no support in the Board's decision. The Board specifically noted that "the [I-130] visa petition is not before us[.]" Thus, it was not the Board's explicit intention to undermine proceedings related to the I-130 petition. Furthermore, 8 U.S.C. § 1155 allows the Attorney General, through INS, to revoke the approval of any visa petition approved by him for what he deems to be "good and sufficient cause," such as a previous attempt to acquire a visa by entering into a sham marriage to a U.S. citizen or to a lawful permanent resident. In re Tawfik, Interim Decision 3130, Board of Immigration Appeals (1990). This revocation provision demonstrates that approval of the I-130 petition did not confer upon petitioner immunity from a subsequent finding that he entered into a sham marriage. Accordingly, the Board's decision was consistent with the INA and did not constitute an abuse of discretion.
 
 D.
 
 15
 Last, petitioner argues that the Board abused its discretion by (1) failing to consider the hardship to petitioner's children and wife if he was deported and (2) finding that petitioner, himself, provided false testimony at his deportation hearing before the Immigration Judge. These remaining arguments lack merit.
 
 
 16
 Contrary to petitioner's suggestion, the Board did consider the plight of his second wife and children ("[w]e are mindful that the ... [petitioner's] wife has a child from a prior marriage and that ... [petitioner] and his wife were expecting a child"); however, the Board justifiably concluded that petitioner's "deliberate deception of the service [INS]" militated against reopening deportation proceedings. See INS v. Rios-Pineda, 471 U.S. 444, 447, 451 (1985) (INS has discretion to consider individual conduct and the flagrancy and nature of a petitioner's actions in ruling on a motion to reopen). Moreover, INS' weighing of the equities and consequent decision will not constitute an abuse of discretion solely because the welfare of a child hangs in the balance. Id.
 
 
 17
 With respect to the Board's conclusion that petitioner provided false testimony at the deportation hearing and thereby demonstrated a lack of "good moral character" under 8 U.S.C. § 1101(f), we find that the facts in the record support this conclusion. Even if the Board's finding on this issue was erroneous, it would be harmless because the Board's independent and legitimate finding of deliberate deception (i.e., lying on the original application for change of status) presents an adequate basis for affirmance under Abudu and Rios-Pineda.
 
 III.
 
 18
 For all of the foregoing reasons, the decision of the Board denying petitioner's motion to reopen deportation proceedings is AFFIRMED.